IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VIRGINIA KINNEY**,

      Plaintiff,

      vs.                                                               No. 1:12-CV-01008 MCA/RHS

**UNITED STATES GOVERNMENT USDA
FOREST SERVICE,** *and their hired
subcontractors, et al.*

      Defendants.

## ORDER

**THIS MATTER** comes before the Court on the *Motion by the Plaintiff to Withdraw the "Stipulation of Dismissal" Doc 80, dated 9-20-2013*.  [Doc. 82]  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

**I.**      **PROCEDURAL BACKGROUND**

On September 26, 2012, the pro se Plaintiff, Virginia Kinney, filed a three count complaint against the United States Government, USDA Forest Service and their hired subcontractors, Nancy Rose, Supervisor of Cibola National Forest Mountainair, and Alan Warren, an employee of Cibola National Forest-Mountainair overseeing fence building (hereinafter collectively referred to as "Defendants").  [Doc. 1]  Count 1 seeks damages for Defendants' alleged "fire suppression activities" on Plaintiff's land.  [Doc. 1 at 4-5]  Count 2 was "pulled from the Complaint by the Plaintiff."  [Doc. 1 at 6]  Count 3 seeks damages for Defendants' alleged trespassing in connection with the "fire suppression

1

activities." [Doc. 1 at 7-9]

On September 13, 2013, the parties filed a *Stipulation of Dismissal as to Count III* pursuant to Fed. R. Civ. P. 41(a)(1)(ii). [Doc. 72] On September 18, 2013, Plaintiff filed *Notice Defendants' Error Concerning Doc. 72, Which Was Not-"Blessed" Nor Timely Received by Plaintiff, And/Or Accept the Plaintiff's Timely Withdrawal of Doc. 72.* [Doc. 77] Plaintiff alleged that defense counsel erroneously filed the stipulation of dismissal because he did not have authority to consummate the agreement on behalf of the United States Forest Service and failed to mail a copy of the agreement to Plaintiff. [Doc. 77 at 2] Alternatively, Plaintiff sought to withdraw the stipulation of dismissal because, upon further consideration, she had realized that the "contract/agreement was very unbalanced." [Doc. 77 at 2 (emphasis omitted)]

On September 20, 2013, the parties filed a second *Stipulation of Dismissal* pursuant to Fed. R. Civ. P. 41(a)(1)(ii), which provides as follows:

> THE PARTIES stipulate and agree:
>
> 1) that Count 1 of Plaintiff's Complaint is dismissed with prejudice, with the Parties to bear their own costs;
>
> 2) Plaintiff hereby withdraws Document 77, "Notice Defendants' Error Concerning Doc. 72, Which was not 'Blessed' Nor Timely Received by Plaintiff, and/or Accept the Plaintiff's Timely Withdrawal of Doc. 72";
>
> 3) The Stipulation of Dismissal dismissing Count III without prejudice (Doc. 72, filed 9/13/13), is hereby acknowledged by the Parties as binding;
>
> 4) no other claims remain and this action has been disposed of in its entirety.

. [Doc. 80]

2

Three days later, on September 23, 2013, Plaintiff filed *Notice Defendants' Pressure Causing Plaintiff Result in Bad Judgment With "Stipulation of Dismissal Doc. 80 And/Or accept the Plaintiff's Timely Withdrawal of Doc. 80*, which alleged that "[t]he Plaintiff was pressured and not respecfull [sic] treated, and notifies and requests the court of the Plaintiff [sic] withdrawal"  [Doc. 81]

Plaintiff subsequently filed the *Motion by the Plaintiff to Withdraw the "Stipulation of Dismissal" Doc 80, dated 9-20-2013*.  [Doc. 82]  In her motion to withdraw Plaintiff repeats the allegations contained in her previously filed notice.  [Doc. 82 at 1]  Specifically, Plaintiff alleges that defense counsel "displayed poor treatment to the [Plaintiff], physical abuse (not accommodation human needs), embarrassment, annoyance, intimidation, imprisonment and manipulation to coerce the [Plaintiff] into a bad judgment."  [Doc. 82 at 1]  With respect to poor treatment, Plaintiff alleges that defense counsel spoke to her in "a coerced-tone," walked ahead of her instead of next to her, failed to introduce her to other people, interrupted her, and acted and spoke in a superior manner.  [Doc. 82 at 3]  Plaintiff alleges that she was physically abused because she was not offered water, after asking for water she was reluctantly provided with water from a pitcher with "stale ice-cubes," after which she was directed to "a flat-dribbling, non-functioning water fountain," after which she was directed to a "bathroom which has no fountain," before she was ultimately brought to "a break-room sink with good running water."  [Doc. 82 at 3]  Plaintiff further alleges that she was imprisoned because the three times that she left for the restroom she had to "knock on the office door to be let back into the office area."  Plaintiff contends that "with each trip outside of the office

3

area, it took longer and longer for [Plaintiff] to be let back" in and "[t]his resulted in the [Plaintiff] being enclosed into an unoccupied, unfamiliar, locked enclosed hallway." [Doc. 82 at 6]  Plaintiff further alleges that defense counsel manipulated her by "repeatedly [trying] to twist the [Plaintiff's] words and/or to put words into the [Plaintiff's] mouth."  [Doc. 82 at 7]  Lastly, Plaintiff alleges that defense counsel deprived her of mediation and a settlement conference and allowed her "to make ONLY ONE call to her husband."  [Doc. 82 at 7-8]  Based on the foregoing, Plaintiff contends that she was "coerced into making a bad judgment" and seeks to withdraw the stipulation of dismissal, Doc. 80.

On January 22, 2014, Plaintiff filed a notice of appeal to the Tenth Circuit Court of Appeals.  [See Doc. 93]  The Tenth Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  [See Doc. 100]  Specifically, the Court held that Plaintiff lacked standing to seek appellate review because she was not aggrieved by the voluntarily dismissal of her claims.  Id.

## II.    STANDARD

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Id.  However, it is not the "the proper function of the district court to assume the role of

advocate for the pro se litigant." Id. "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

The Court construes Plaintiff's motion to withdraw the stipulation of dismissal as a motion to reopen the judgment pursuant to Fed. R. Civ. P. 60(b), which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) . . . is extraordinary and may only be granted in exceptional circumstances." Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Rule 60(b) "is not a substitute for appeal, and must be considered with the need for finality of judgment." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983). "Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson

is learned, turn back the clock to undo those mistakes." Yapp, 186 F.3d at 1231.

The factual allegations in Plaintiff's motion appear to implicate Rule 60(b)(3), which pertains to "fraud . . . , misrepresentation, or misconduct by an opposing party," and Rule 60(b)(6), which pertains to "any other reason that justifies relief." A party seeking relief under Rule 60(b)(3) must prove the alleged "misconduct by clear and convincing evidence." Yapp, 163 F.3d at 1231. "Moreover, 'the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare and proceed at trial.'" Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks and citation omitted; emphasis in original). "Subsection (b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect, which may be remedied under subsections (b)(1) or (2)." Id. (internal quotation marks and citation omitted).

By its plain terms, Rule 60(b)(3) seeks redress for "fraud . . ., misrepresentation or misconduct *by an opposing party*," rather than fraud upon the Court. See Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to . . . set aside a judgment for fraud on the court."). Fraud on the court, which is "much more difficult to prove," is "fraud which is directed to the judicial machinery itself." Zurich North America, 426 F.3d at 1291 (internal quotation marks and citation omitted). "Intent to defraud is an 'absolute prerequisite' to a finding of fraud on the court." Id. (internal quotation marks and citation omitted.)

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will

6

> constitute fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

Id. (quoting Weese v. Schukman, 98 F.3d 542, 552-53 (10th Cir. 1996).

Although "[f]raud between the parties and fraud on the court are two distinct bases for post-judgment relief," id., in Yapp the Tenth Circuit Court of Appeals imported the heightened fraud-on-the-court standard into a claim raised pursuant to Rule 60(b)(3). See Yapp, 186 F.3d at 1231. In Zurich North America, the Court "acknowledge[d] that other circuits have applied a lesser standard," but held that it "like the district court, [was] bound by prior panel decisions." Zurich North America, 426 F.3d at 1292 n.8. Thus, to prevail on a Rule 60(b)(3) claim, the movant must demonstrate that the opposing party "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." Yapp, 186 F.3d at 1231 (internal quotation marks and citation omitted).

"Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief." Zurich, 426 F.3d at 1293 (internal quotation marks and citation omitted). "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses." Id. (internal quotation marks and citation omitted). Therefore, "[p]arties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial." Id.

7

**III.     DISCUSSION**

Plaintiff has failed to provide the Court with any evidence, much less clear and convincing evidence, to support her allegations regarding opposing counsel's actions. Unsworn conclusory allegations of fraud, misrepresentation, or misconduct are insufficient to merit relief under Rule 60(b)(3).  See id. at 1292 (noting that conclusory allegations are not sufficient for the Court to provide relief under Rule 60(b)(3)); Smith v. Cochran, 182 Fed. Appx. 854, 861 (10th Cir. 2006) (same) (unpublished opinion).

Even if, for the sake of argument, the Court were to credit Plaintiff's proffered conclusory allegations regarding defense counsel's conduct, this conduct nonetheless is insufficient to merit relief under Rule 60(b)(3).  Plaintiff has alleged that defense counsel was rude, superior, failed to offer her water and suggested that she should procure water from a nonfunctioning water fountain or a bathroom sink, was tardy in admitting her back into the conference room after bathroom breaks, and only permitted her to make one phone call to her husband.  Although this alleged conduct is ungracious and discourteous, it fails to rise to the level of "fraud . . ., misrepresentation, or misconduct by an opposing party."  Rule 60(b)(3).  Furthermore, it fails to demonstrate that defense counsel "acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme."  Yapp, 186 F.3d at 1231 (internal quotation marks and citation omitted).  Accordingly, Plaintiff's motion to reopen the judgment pursuant to Rule 60(b)(3) will be denied.

"Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."  Id. at 1232 (internal quotation marks and citation

omitted).  For the reasons previously explained, Plaintiff has failed to demonstrate, by clear and convincing evidence, that the judgment offends justice and, therefore, her Rule 60(b)(6) motion will be denied

**IT IS, THEREFORE, ORDERED** that the *Motion by the Plaintiff to Withdraw the "Stipulation of Dismissal" Doc 80, dated 9-20-2013* [Doc. 82] is **DENIED.**

**SO ORDERED** this 14th day of August, 2014, in Albuquerque, New Mexico.

                                           **M. CHRISTINA ARMIJO**
                                           Chief United States District Judge